IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kimberly Rowland, ) | Case No.: 5:20-02553-JD-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Steven Anderson, Steven Camp, Dustin ) | |
| Richie, Antonio Ortega, Virgil McFrye, ) | |
| Captain S. Wells, Sadrick Dunn, Lt. Peppi ) | |
| Nicholls, and Lt. Brite, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

This matter is before the court on United States Magistrate Judge Kaymani D. West's report and recommendation (DE 73) ("Report and Recommendation" or "Report") recommending that the Court deny Defendants Stephen Anderson, Dustin Richie, Sadrick Dunn, Antonio Ortega, and Sherille Wells and Defendants Crystal Nichols, Shannon Bright, Joseph Camp[1] and Virgil McFrye's (collectively "Defendants") Motions to Dismiss, pursuant to Rule 12(b)(6), Fed. R. Civ. P.[2]  (DE 32 and DE 55.)  For the reasons set forth below, the Court adopts the Report and Recommendation as modified by this Order and denies the Defendants' motions to dismiss.

---

[1]    Incorrectly identified by Plaintiff as Peppi Nicolls, Lt. Brite, and Stephen Camp.

[2]    The Defendants' objection to the Report is premised on the assertion that "when parties file 12(b)(6) motions with accompanying affidavits and exhibits to be considered by the Court, 'the motion shall be construed as [a] motion for summary [judgment] pursuant to Rule 56.'"  (DE 75, p. 2) citing Hoffman v. Tuten, 446 F. Supp. 2d 445, 458 (D.S.C. 2006); see also Rule 12(d) Fed. R. Civ. P. ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.")  To the extent the Report relies on matters outside of the pleadings, this Court excludes them from consideration on Defendants Motion to Dismiss.

1

## BACKGROUND

Kimberly Rowland ("Plaintiff") is a pretrial detainee at the Cherokee County Detention Center ("CCDC"), and the allegations giving rise to the causes of action in her Complaint occurred while she was housed there. (DE 1.) In violation of medical rights and Prison Rape Elimination ("PREA") rights, Plaintiff alleges that male correctional officers watch her and other female inmates while they shower or use the bathroom, do not provide privacy, and that male officers demand sexual favors and correctional officers make medical decisions and stop incoming and outgoing mail. (DE 1.) Specifically, Plaintiff alleges she was asked to show her breasts to an officer before getting toilet paper or making a phone call; she was made to watch females have sex with each other; and one officer put her hand on his penis. (DE 1.) The Defendants have filed an Objection to the Report and Recommendation raising the following objections: 1) Consideration of extrinsic evidence is proper and 2) Plaintiff's grievances establish her failure to exhaust. (DE 75, p. 2, and 5.)

## LEGAL STANDARD

### A. Report and Recommendation

The Magistrate Judge only makes a recommendation to the court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The recommendation carries no presumptive weight, and the responsibility to make a final determination remains with the court. Id. at 270-71. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The court is charged with making a de novo determination of any portion of the report and recommendation to which a specific objection is made. Id. However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the magistrate judge's proposed findings. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the R&R only

for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

### B. Motions to Dismiss

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, Plaintiff must only plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). In order for Plaintiff's Complaint to survive Defendants' Motions to Dismiss, Plaintiff does not need to plead detailed factual allegations in her Complaint. See id. However, the United States Supreme Court has held that a plaintiff's grounds for relief require more than just stating legal conclusions and elements of a cause of action. See Papasan v. Allain, 478 U.S. 265, 286 (1986) (noting that, on a motion to dismiss, a court is "not bound to accept as true a legal conclusion couched as a factual allegation."). Plaintiff's complaint must contain sufficient factual allegations that make a claim for relief plausible, not just possible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp., 550 U.S. at 570. This court must accept Plaintiff's factual allegations as true and draw all reasonable inferences in her favor. See E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011).

### DISCUSSION

The Court has conducted a de novo review of the record on the motions to dismiss in response to the Defendants' objections to the Report and Recommendation and finds that the Report comprehensively addresses the issues in the motions to dismiss and properly determined

that the Defendants' motions should be denied.  The Court addresses the objections raised by the Defendants *seriatim*.

Defendants contend that Plaintiff failed to exhaust her administrative remedies before filing suit, and the Report and Recommendation improperly declined to consider extrinsic evidence provided by the Defendants and construe the motions to dismiss as motions for summary judgment pursuant to Rule 56.  (DE 75, p. 2.)  Similarly, Defendants object to the Report and Recommendation because they allege Plaintiff never submitted an initial grievance for most of her claims before filing this lawsuit.  (DE 75, p. 5.)  As to Defendants first objection, this Court has excluded all matters outside the pleadings in this case, and therefore, overrules this objection.  See n. 2, supra.  In addition, the Court notes that the Report equally declined to consider extrinsic evidence or to construe the motions to dismiss as motions for summary judgment.  (DE 73, 5-6.)  Equally, as to Defendants second objection, the Report declined to inquire further on what initial grievances and appeals were filed because a motion to dismiss only tests the sufficiency of the allegations in the Complaint and does not generally reach the merits of an affirmative defense.  Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).  Here, the record shows that Plaintiff represents she filed grievances and "repeatedly appealed" them and completed the grievance process, and it is not clear on the face of the Complaint that Plaintiff failed to exhaust her administrative remedies.  (DE 1.)  Accordingly, the Court adopts the Report and Recommendation as modified herein and denies the Defendants' motions to dismiss.

## CONCLUSION

For the foregoing reasons, it is ORDERED that Defendants Motions to Dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., are denied.

4

**IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

Greenville, South Carolina
April 15, 2021

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.