IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Kimberly Rowland,<br><br>    Plaintiff,<br><br>vs.<br><br>Stephen Anderson; Steven Camp; Dustin Richie; Antonio Ortega; Virgil McFrye; Captain S. Wells; Sadrick Dunn; Lt Peppi Nicholls; and Lt Brite,<br><br>    Defendants. | Case No.: 5:20-cv-02553-JD-KDW<br><br>**OPINION & ORDER** |

This matter is before the Court for review of the Report and Recommendation of United States Magistrate Kaymani D. West ("Report and Recommendation"), made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Kimberly Rowland ("Rowland" or "Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action alleging violations of her constitutional rights pursuant to 42 U.S.C. § 1983. (DE 1.)

On August 16, 2021, Defendants Stephen Anderson, Steven Camp, Dustin Richie, Antonio Ortega, Virgil McFrye, Captain S. Wells, Sadrick Dunn; Lt Peppi Nicholls, and Lt Brite (collectively "Defendants") filed a Motion for Summary Judgment alleging *inter alia* that Rowland failed to exhaust administrative remedies. (DE 95.) The Magistrate issued a Roseboro Order on October 22, 2020, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), advising the

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Plaintiff of the motion and the possible consequences if she failed to respond adequately. (DE 96.) Plaintiff failed to respond to Defendants' Motion for Summary Judgment.

Further, since January 11, 2021, several court notices addressed to the Plaintiff have been returned as undeliverable. The Court's Opinion and Order (DE 80) was also returned as undeliverable and the returned envelope stated: "Return to Sender," "Not Deliverable as Addressed," and "Unable to Forward." Three other court notices were returned as undeliverable on July 29, 2021, August 25, 2021, and August 30, 2021. (DE 93, 99 and 100.) Previously, Plaintiff was ordered to keep the Court apprised of any change in her address. (DE 8.) However, since the returned mail, Plaintiff has not notified the Court of any change of address. Thus, Plaintiff has failed to comply with the Court's order, and as a result, neither the Court nor Defendants have any means of contacting her concerning her case. The Report and Recommendation was issued on August 30, 2021, recommending the case be dismissed with prejudice. (DE 102.)

Plaintiff filed no objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Upon review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein by reference.

It is, therefore, **ORDERED** that Defendants' Motion for Summary is granted, and this action is dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

                                                      Joseph Dawson, III
                                                      United States District Judge

Greenville, South Carolina
November 3, 2021

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that she has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3